Phyllis Lamken
Attorney at Law
1717 Proudfoot Lane
P.O. Box 586
Victor, ID 83455
Telephone: 208-313-7641
Email: flip@ida.net

## UNITED STATES DISTRICT COURT
## EASTERN DIVISION OF IDAHO

| | | |
|---|---|---|
| **GREGORY J. YASKOT**<br>     An Individual, | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **vs.** | ) ) | **Case No:** |
| **INTERMOUNTAIN NATURAL, LLC,**<br>     **An Idaho Limited Liability**<br>**Company,** | ) ) ) ) | **Complaint**<br>**Copyright Infringement**<br><br>**Jury Trial Demanded** |
| **Defendant.** | ) | |

### Common Facts to all Counts

1. This is an action by **GREGORY J. YASKOT**, an individual and professional photographer, to recover damages from the infringement arising from infringement of his copyright in his creative works by Defendant, **INTERMOUNTAIN NATURAL, LLC**, and to enjoin the Defendant from future infringement. Defendant reproduced, distributed and publicly displayed through packaging, advertising, signs, and websites a photograph owned by **Gregory J. Yaskot**. The Defendant has replicated and used the photograph to advertise its products hundreds of thousands of times.

2. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement and related claims pursuant to 17 U.S.C. §§ 101 et seq., and 28 USC §§1331 and 1338(a).

3. This Court has personal jurisdiction over the Defendant. Defendant, **INTERMOUNTAIN NATURAL, LLC,** is an Idaho limited liability company with its principal business in Idaho. The Defendant solicits, transacts, and is doing business in the State of Idaho.

4. This court has venue over this matter pursuant to 28 USC §§1391(b)(2) and 1400(a).

5. The Plaintiff, **GREGORY J. YASKOT**, is a professional photographer. He has sold his photographs professionally for twenty years. In 1996, he took a photograph entitled *Autumn at Spring Hollow Ranch*, hereinafter referred to as the photograph. This photograph was very unique in its location and perspective of the Teton mountain range.

6. The Plaintiff, **GREGORY J. YASOT,** provide additional protection for his copyrighted photograph and he properly registered it with the Register of Copyrights, United States of America on August 19, 2003, Registration number of VA0001225759.

7. Subsequently to the registration of the photograph, the Defendant, **INTERMOUNTAIN NATURAL, LLC,** used the photograph without the permission of the plaintiff in its logo. It has used the photograph in its logo on hundred of thousands of packages, in its advertising, at trade shows and on its own website and the websites of other businesses. The Defendant,

2

**INTERMOUNTAIN NATURAL, LLC,** has replicated, displayed, and publicly displayed the photograph to a worldwide audience. The exact date that the Defendant began use of the photograph is unknown, but it has definitely been using the logo for the past two years. The Defendant has sold hundred of thousands of packages with the aforesaid photograph through retails stores nationwide and through online retail outlets worldwide. Each time the Defendant used the photograph on a package, on a webpage, on a display, or in other advertising is a separate infringement of the copyright of the photograph.

8. The Defendant did not use due care to determine ownership of the photograph before using it in its logo.

9. On or about February of 2008, the Plaintiff, **GREGORY J. YASKOT**, became first aware that the Defendant was using his photograph. For the first time, he saw a display of Intermountain Natural, LLC beef jerk products. On both the display and the packages, the logo for Intermountain Natural, LLC include the aforesaid photograph Autumn at Spring Hollow Ranch.

10. On or about March 9, 2010, the Plaintiff, **GREGORY J. YASKOT**, through a letter from counsel, informed the Defendant that it was using the Plaintiff's copyrighted photograph and the Defendant must immediately cease all use of the photograph. In the same letter, the Plaintiff provided the date that he created the photograph, the date that he registered the photograph, and the copyright registration number of the photograph.

11. That since March 9, 2010, the Defendant has intentionally continued to use the photograph on its website, on its packages, and in its advertising. The Defendant

has sold ten of thousands of packages with the photograph on it since March 9, 2010.

12. That the Defendant has been enriched by its unauthorized use of the aforesaid photograph. Its customers have commented on the beauty of the mountain scene in the photograph and purchase the product due to the attractiveness of the logo containing the photograph.

13. The Defendant continues to use the photograph and continues to sell packages with the photograph in its logo.

14. Due to the extensive infringement of the photograph by the Defendant, the Plaintiff has actual damages in the amount of FIVE HUNDRED THOUSAND AND NO/100 DOLLARS.

## Count I

### Copyright Infringement

15. The Plaintiff, **GREGORY J. YASKOT**, realleges each and every allegation contained in paragraphs 1-16 supra.

16. The Defendant, **INTERMOUNTAIN NATURAL, LLC**, has unlawfully engaged in copyright infringement as detailed herein.

17. Due to the extensive infringement of the photograph by the Defendant, the Defendant should pay actual damages in the amount of FIVE HUNDRED THOUSAND AND NO/100 DOLLARS.

18. That due to the extensive and blatant use of the photograph, the Defendant should pay the maximum statutory damages for use of the aforesaid photograph prior to

March 9, 2010 for each infringement due to the extensive and blatant use of the photograph.

19. The Defendant should be enjoined from using the photograph in any matter and further ordered that all product, packages, and displays using the photograph be seized and given to the Plaintiff. The Defendant should be ordered to remove the photograph from all of its websites and the websites of the retail stores selling the product.

20. The Plaintiff seeks all legal and equitable relief to which he is entitled including statutory damages per violation, attorney's fees, costs, and interest.

21. The Plaintiff demands a jury trial on said claim.

**Count II**

**Willful Copyright Infringement**

22. The Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-23.

23. Since March 9, 2010, the Defendant has unlawfully and willing engaged in copyright infringement as detailed herein. It has taken no action to remove product bearing the photograph from retails stores and online stores. It has continued to sell packages of product with the photograph.

24. Due to the extensive infringement of the photograph by the Defendant, the Defendant should pay actual damages in the amount of FIVE HUNDRED THOUSAND AND NO/100 DOLLARS.

25. That due to the extensive and blatant use of the photograph, the Defendant should pay the maximum statutory damages for use of the aforesaid photograph prior to

March 9, 2010 for each infringement due to the extensive and blatant use of the photograph.

26. The Defendant should be enjoined from using the photograph in any matter and further ordered that all product, packages, and displays using the photograph be seized and given to the Plaintiff, including products in retails stores. The Defendant should be ordered to remove the photograph from all of its websites and the websites of the retail stores selling the product.

27. The Plaintiff seeks all legal and equitable relief to which he is entitled including statutory damages per violation, attorney's fees, costs, and interest.

28. The Plaintiff demands a jury trial on said claim.

WHEREFORE, the Plaintiff, **GREGORY J. YASKOT**, respectfully request all the relief requested herein as well as nay other relief as may be just and proper and appropriate, including:

    a. Temporary and permanent injunctive relief pursuant to 17.USCA 502 against the Defendant copying, reproducing, distributing and publicly displaying the photograph;

    b. Injunctive relief requiring the Defendant to seize and destroy all images bearing the photograph, including those product packages currently in its possession, in retail stores, and with online retailers;

    c. Actual damages for the infringement of the copyright;

    d. Statutory and enhanced damages to the maximum extent allowed under 17 USCA 504;

    e. Reasonable attorney fees and full costs pursuant to 17 USCA 505;

f.  Pre and post judgment interest as well as any other legal and/or equitable
relief as well as any other legal and equitable relief deemed as appropriate
and just by this Court.

Respectfully Submitted:

Phyllis Lamken
Attorney for the Plaintiff
P.O. Box 586
Victor, ID 83455
208-313-7641
flip@ida.net