Steven J Wright, Esq. (I.S.B. # 5461)
Andrew M. Wayment, Esq. (I.S.B. #6418)
WRIGHT JOHNSON & WAYMENT, PLLC
Attorneys at Law
477 Shoup Avenue, Suite 109
P. O. Box 50578
Idaho Falls, ID 83405
Telephone:  (208) 523-4433
Facsimile: (208) 523-4400

Attorneys for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF IDAHO

| | |
|---|---|
| GREGORY J. YASKOT, An Individual, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> INTERMOUNTAIN NATURAL, LLC, An ) <br> Idaho Limited Liability Company, ) <br> ) <br> Defendant. ) <br> _____ ) | Civil No. 10-CV-00490-CWD <br><br> **BRIEF IN SUPPORT OF MOTION TO DISMISS RE: PLAINTIFF'S CLAIM FOR MULTIPLE AWARDS OF STATUTORY DAMAGES** |

Defendant Intermountain Natural, LLC ("Defendant") by and through its undersigned counsel, hereby submits Defendant's *Brief in Support of Motion to Dismiss Re: Plaintiff's Claim for Multiple Awards of Statutory Damages*.

### I.   APPLICABLE LEGAL STANDARDS

Defendant files this *Motion to Dismiss* pursuant to Fed. R. Civ. P. 12(b) for failure to state a claim upon which relief can be granted.  For failure to state a claim, the Court can only consider the facts alleged in the complaint and the documents attached to or incorporated into the

complaint.  *See U.S. ex rel. Williams v. Martin-Baker Aircraft Co., Ltd.*, 389 F.3d 1251, 1257 (D.C. Cir. 2004).

## II.  ARGUMENT

This motion to dismiss pertains only to Plaintiff's claim for multiple awards of statutory damages.  Specifically, Plaintiff seeks recovery for multiple awards of statutory damages even though Plaintiff alleges infringements of only a single work.  As explained below, this remedy is specifically proscribed by federal statute.

In his Complaint, Plaintiff has sued Defendant for the unauthorized use of Plaintiff's copyrighted photograph entitled: "Autumn at Spring Hollow Ranch" (hereinafter the "Autumn Photo").  *See* Plaintiff's Complaint, ¶ 5.  Plaintiff makes no reference to any other work.  Thus, any right to recovery is limited to any infringement Plaintiff can prove vis-a-vis this single work.

The provision pertaining to statutory damages specifically states:

> (c) **Statutory Damages.** –
> (1) Except as provided by clause (2) of this subsection, the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages *for all infringements involved in the action*, *with respect to any one work*, for which any one infringer is liable individually, . . . in a sum of not less than $750 or more than $30,000 as the court considers just.  For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work.
> . . . .

17 U.S.C.A. § 504(c)(1) (emphasis added).

In his Complaint, Defendant alleges that: "Each time the Defendant used the photograph on a package, on a webpage, on a display, or in other advertising is a separate infringement of the copyright of the photograph."  Plaintiff's Complaint, ¶ 7.  Based upon this argument, Plaintiff then seeks the following relief: "That due to the extensive and blatant use of the photograph, the

Defendant should pay the maximum statutory damages for use of the aforesaid photograph prior to March 9, 2010 for *each* infringement . . . ." Plaintiff's Complaint, ¶ 18, 25 (emphasis added).

In sum, Plaintiff asserts that he is entitled to *multiple awards* of the statutory maximum, all arising from alleged infringement of the Autumn Photo. *See id.* This is clearly not permissible under 17 U.S.C.A. § 504(c)(1). Instead, by the express language of the statute, Plaintiff may receive only one award of statutory damages, up to a maximum of $30,000, for any and all proven infringements of Plaintiff's copyright of the Autumn Photo.

This analysis is consistent with other Courts' application of the statute. *See Broadcast Music, Inc. V. The Airhead Corp*. 1990 WL 1239531 (E.D. Va.) (Awarding statutory damages for of $500 "for each of the seven musical compositions for which an infringement was found"); *Warner Bros. Records, Inc. v. Brown*, 2008 WL 4911161 (N.D. Cal.) (Granting"the minimum statutory damages each for each of the copyrighted works" for which infringement was established).

The statute and case law make clear that a plaintiff is not permitted a separate award of statutory damages, even for multiple infringements of the same work. In the case at bar, Plaintiff is only alleging that Defendant used one work without Plaintiff's authorization. *See* Plaintiff's Complaint, ¶ 5. Therefore, even if Plaintiff can prove a right to damages, he is entitled to only one award of statutory damages.

## CONCLUSION

Based upon the foregoing, Defendant respectfully requests this Court dismiss Plaintiff's claim for multiple awards of statutory damages as pled and hold, as a matter of law, that Plaintiff

is limited to statutory damages, if proven, in the total minimum amount of $750 and total maximum amount of $30,000.

DATED this 3rd day of December, 2010.

           WRIGHT JOHNSON & WAYMENT, PLLC


            /S/ Steven J Wright
           Steven J Wright
           Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the following described document was filed via ECF, which provided an ECF notice to the following person(s) on the 3rd day of December, 2010.

DOCUMENT SERVED:  BRIEF IN SUPPORT OF MOTION TO DISMISS RE: PLAINTIFF'S CLAIM FOR MULTIPLE AWARDS OF STATUTORY DAMAGES


    Phyllis Lamken
    Attorney at Law
    1717 Proudfoot Lane
    P.O. Box 586
    Victor, ID 83455


            /S/ Steven J Wright
           Attorney at Law