UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GREGORY J. YASKOT,<br><br>        Plaintiff,<br><br>v.<br><br>INTERMOUNTAIN NATURAL, LLC, an Idaho Limited Liability Company,<br><br>        Defendant. | Case No. 4:10-cv-490-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

      Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Claim for Multiple Awards of Statutory Damages. (Dkt. 5.) Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter will be decided on the record before the Court without oral argument. For the reasons set forth below, Defendant's motion will be denied.

**MEMORANDUM DECISION AND ORDER - 1**

**BACKGROUND**

Because this matter is before the Court on Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), all material allegations contained in the complaint are accepted as true and construed in the light most favorable to the plaintiff. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

In 1996, professional photographer Gregory J. Yaskot ("Plaintiff") took a photograph of the Teton mountain range entitled "Autumn at Spring Hollow Ranch." Plaintiff registered the photograph with the United States Copyright Office on August 19, 2003. In February of 2008, Plaintiff learned that Intermountain Natural, LLC ("Defendant") was using the photograph as its logo and in the marketing of its beef jerk products. Defendant did not have permission to use the photograph.

On March 9, 2010, Plaintiff sent a cease and desist letter to Defendant. Plaintiff alleges that, before the cease and desist letter was sent, but after the photograph had been registered with the U.S. Copyright Office, Defendant "used the photograph in its logo on hundred of thousands of packages, in its advertising, at trade shows and on its own website and the websites of other businesses." (Compl. at 2, Dkt. 1.) Plaintiff further alleges that, after the cease and desist letter was sent, Defendant intentionally continued to use the photograph on its website, on its packages, and in its advertising, and that Defendant has sold thousands of packages with the photograph on it since March 9, 2010.

Following Defendant's continued unauthorized use of the photograph, Plaintiff filed suit under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*. Plaintiff claims that

Defendant's unauthorized use of the photograph constitutes copyright infringement under the Act.  Plaintiff seeks actual damages in the amount of five hundred thousand dollars and requests that the Court enjoin Defendant from further using the photograph. Alternatively, Plaintiff seeks the maximum amount of statutory damages allowed under § 504 of the Copyright Act.

In his Complaint, Plaintiff states that "[e]ach time the Defendant used the photograph on a package, on a webpage, on a display, or in other advertising [it constituted] a separate infringement of the copyright of the photograph," (Compl., ¶ 7), and "[t]hat due to the extensive and blatant use of the photograph, the Defendant should pay the maximum statutory damages for use of the aforesaid photograph prior to March 9, 2010 *for each infringement*." (Compl., ¶ 18 (emphasis added)).  Defendant argues that the relief sought – "maximum statutory damages . . . for each infringement" – constitutes multiple awards of statutory damages and that such an award is not authorized under the Copyright Act where, as here, the plaintiff is only claiming infringement of a single work. (Def.'s Brief in Supp. of Mot. to Dismiss at 2, Dkt. 5-1.)  Defendant requests that the Court dismiss Plaintiff's claim for multiple awards of statutory damages under Fed. R. Civ. P. 12(b)(6).

In his opposition, (Dkt. 9), Plaintiff argues that Defendant has taken the italicized language quoted above from the Complaint out of context and that Plaintiff "does not request multiple awards for statutory damages." (Pl.'s Obj. to Def.'s Mot. to Dismiss at 1, Dkt. 9.)  In other words, Defendant requests that the Court dismiss Plaintiff's claim for

multiple awards of statutory damages, and Plaintiff argues that he is not seeking multiple awards of statutory damages. Following Plaintiff's response, and contributing to an already awkward procedural state of affairs, Defendant did not withdraw its motion to dismiss. Rather, Defendant requests in its Reply in support of its motion to dismiss that "the Court enter an order requiring Plaintiff to file an Amended Complaint within 10 days pleading only a single claim for statutory damages." (Def.'s Reply at 2, Dkt. 11.) Defendant did not file a motion to strike under Fed. R. Civ. P. 12(f).

## DISCUSSION

### 1. Statutory Damages Under the Copyright Act

The Copyright Act allows plaintiffs to elect between actual and statutory damages. Specifically, 17 U.S.C. § 504(c) provides that "the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, *an award of statutory damages for all infringements involved in the action, with respect to any one work* . . . in a sum of not less than $750 or more than $30,000 as the court considers just." (emphasis added).[1]

Under § 504(c), "the total number of 'awards' of statutory damages . . . that a plaintiff may recover in any given action depends on the number of *works* that are

---

[1] The Act also provides for upward and downward adjustments of statutory damages. If the plaintiff proves that the infringement was committed "willfully," "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). Similarly, if the defendant demonstrates that the "infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200." *Id*.

**MEMORANDUM DECISION AND ORDER - 4**

infringed . . . regardless of the number of *infringements* of those works." *Mason v. Montgomery Data, Inc.*, 967 F.2d 135, 143-44 (5th Cir. 1992) (emphasis in original). As the Fifth Circuit has pointed out, "[t]he legislative history of section 504 is particularly direct on this point." *Id.* at 144 n. 11. Discussing § 504(c), Congress stated that "[a] single infringer of a single work is liable for a single amount . . ., no matter how many acts of infringement are involved in the action and regardless of whether the acts were separate, isolated, or occurred in a related series." H.R.Rep. No. 1476 at 162, reprinted in 1976 U.S.C.C.A.N. at 5659. The United States Court of Appeals for the Ninth Circuit is in accord. See *Columbia Pictures TV v. Krypton Broadcasting of Birmingham, Inc.*, 106 F.3d 284 (9th Cir. 1997) ("when statutory damages are assessed against one defendant . . . each work infringed may form the basis of only one award, regardless of the number of separate infringements of that work."), rev'd on other grounds, *Feltner v. Columbia Pictures TV*, 523 U.S. 340 (1998).

In this case, Defendant argues, and Plaintiff concedes, that the Complaint alleges copyright infringement of only one work. Thus, if Plaintiff ultimately demonstrates that he is entitled to relief and elects to recover statutory rather than actual damages, Plaintiff will be able to recover only a single award of statutory damages under § 504(c) of the Copyright Act regardless of how many times Defendant infringed the work.

2.   **Plaintiff's Demand for Relief**

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading asserting a claim for relief shall contain "a demand for the relief sought." Fed. R. Civ. Pro. 8(a)(3).

**MEMORANDUM DECISION AND ORDER - 5**

The demand for relief "may include relief in the alternative or different types of relief." *Id.* It is well settled that the function of a complaint under the federal rules is to give the defendant fair notice of the plaintiff's claim and the grounds on which the plaintiff relies. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). To this end, "Rule 8(a)(3) does not require a party to frame the demand for judgment according to a prescribed form or set of particular words; any concise statement identifying the remedies and the parties against whom relief is sought will be sufficient." 5 Wright & Miller, Fed. Prac. & Pro. Civ. § 1255.

It is also settled that the "demand for relief," while required by Rule 8(a)(3), does not constitute part of the "claim" for the purpose of testing the sufficiency of a plaintiff's complaint. See 5 Wright & Miller, Federal Practice and Procedure § 1255 (citing *Bontkowski v. Smith*, 305 F.3d 757 (7th Cir. 2002); *Pension Benefit Guaranty Corp. v. East Dayton Tool & Die Co.*, 14 F.3d 1122 (6th Cir. 1994); *Greene v. Bowen*, 639 F. Supp. 554, 562 (C.D. Cal. 1986), remanded on other grounds, 844 F.2d 791 (9th Cir. 1988)). The sufficiency of a complaint is dependent on the facts alleged in the claim for relief, "not on the . . . allegations of damages or [the] theory of damages." *Nester v. Western Union Telegraph Co.*, 25 F. Supp. 478, 481 (S.D. Cal. 1938). Thus, "the selection of an improper remedy in the Rule 8(a)(3) demand for relief will not be fatal to a party's pleading if the statement of the claim indicates the pleader may be entitled to relief of some other type." 5 Wright & Miller, Federal Practice and Procedure § 1255. This interpretation also is supported by the language of Rule 54(c) of the Federal Rules of Civil Procedure, which requires the district court to grant any relief to which the evidence

**MEMORANDUM DECISION AND ORDER - 6**

shows a party is entitled, "even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c).

Here, Plaintiff's Complaint contains two counts: Count I, entitled "Copyright Infringement"; and Count II, entitled "Willful Copyright Infringement." (Compl. at 4-5, Dkt. 1.) Both counts contain identical language seeking actual damages, or, in the alternative, statutory damages. (*Id.*, ¶¶ 17, 18, 24, 25.)

Paragraph 17 of the Complaint states:

> 17. Due to the extensive infringement of the photograph by the Defendant, the Defendant should pay actual damages in the amount of FIVE HUNDRED THOUSAND AND NO/100 DOLLARS.[2]

Paragraph 18 of the Complaint states:

> 18. That due to the extensive and blatant use of the photograph, the Defendant should pay the maximum statutory damages for use of the aforesaid photograph prior to March 9, 2010 for each infringement due to the extensive and blatant use of the photograph.[3]

Defendant argues that Paragraph 18 of the Complaint, which states that "Defendant should pay the maximum statutory damages . . . for each infringement," improperly seeks multiple awards of statutory damages for the alleged infringement of a single work. Plaintiff argues in response that Defendant has misconstrued the wording of the Complaint. As drafted, paragraphs 18 and 25 seek statutory damages "for *each*

---

[2] Paragraph 17 of the Complaint is identical to paragraph 24.

[3] Paragraph 18 of the Complaint is identical to paragraph 25.

**MEMORANDUM DECISION AND ORDER - 7**

infringement." Plaintiff's use of the word "each" indicates that Plaintiff is seeking statutory damages for more than one infringement; Webster's defines "each" as "one of two or more distinct individuals [or things] having a similar relation and often constituting an aggregate." Webster's New Collegiate Dictionary 353 (1981). Thus, the Court agrees with Defendant that paragraphs 18 and 25 of the Complaint indicate Plaintiff is seeking more than one award of statutory damages. This is not, however, a basis for dismissal of any of Plaintiff's claims for damages.[4]

The purpose of Rule 8 is to provide adverse parties with notice of the nature of a claim or defense and set forth the facts as each party believes them to exist. Plaintiff's Complaint put Defendant on notice that statutory damages under § 504(c) of the Copyright Act may be sought. As set forth above, under the Copyright Act, Plaintiff may collect only a single award of statutory damages for the infringement of a single work. Moreover, assuming Plaintiff demonstrates that he is entitled to relief, under Fed. R. Civ. P. 54(c), this Court can only "grant the relief to which each party is entitled," regardless of the remedy demanded in the pleadings. The fact that paragraphs 18 and 25 of the Complaint can be read as seeking more than one award of statutory damages does not affect the sufficiency of the Complaint and does not provide a basis for dismissal.

---

[4] Defendant's motion was brought pursuant to Fed. R. Civ. P. 12(b)(6). Defendant did not file a motion to strike under Rule 12(f) and the Court will not elect to raise on its own the issue of whether paragraphs 18 and 25 of the Complaint could or should be stricken.

**MEMORANDUM DECISION AND ORDER - 8**

# ORDER

Based on the foregoing, the Court being otherwise fully advised in the premises,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's Claim for Multiple Awards of Statutory Damages, (Dkt. 5), is **DENIED**.

DATED: May 24, 2011

Honorable Candy W. Dale
Chief United States Magistrate Judge